**FILED**

MAR 28 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
  DEPUTY CLERK

Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

FERNANDO GASTELUM,

    Plaintiff,

vs.

NIHAL, LLC.

    Defendant.

Case No.: 2:23CV 0577 KJM JDP (PS)

**Verified Complaint**

1. Americans with Disabilities Act
2. California's and Unruh Civil Rights Act
3. California's Disabled Person's Act

Plaintiff Fernando Gastelum complains and alleges as follows:

### PARTIES

1. Plaintiff is a senior citizen with physical disabilities. Plaintiff is missing a leg.
2. Plaintiff's residence is in Casa Grande, Arizona.
3. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use.
4. Where public accommodations are not wheelchair friendly and wheelchair accessible, Plaintiff is compelled to ambulate with the use of a prosthetic leg and a cane.
5. Defendant owns a public accommodation located at or about 2224 Auburn Blvd, Sacramento, CA 95821 ("Hotel").
6. The Hotel is open to the public, a place of public accommodation, and a business establishment.

1

## JURIDICTION AND VENUE

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.
8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and California's Disabled Persons Act.
9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff lodged at the Hotel on May 19, 2022.
11. On the date of the plaintiff's visit, Plaintiff discovered that the Hotel was not compliant with the disability access laws in the following non-exclusive details:

    a. The hotel has a passenger loading zone, but the passenger loading zone did not provide a marked access isle so as to discourage parking in it. This condition makes it more difficult for Plaintiff to use the passenger loading zone. This condition violates accessibility standards at 503.3.3.
    b. The check in service counter did not have a 36" long lowered section, it was cluttered[1] and inaccessible for forward or parallel approach. This condition makes Plaintiff's use of the counter more difficult. This condition violates accessibility standards at 904.4.1.
    c. The operable part of the room door requires the twisting of the wrist and required more than 5 lbs to operate. This condition makes it

---

[1] See U.S. Dept. of Justice, *Maintaining Accessible Features in Retail Establishments* Checklist at 15. https://www.ada.gov/business/retail_access.htm

2

more difficult for Plaintiff to open the door. These conditions violate accessibility standards at 309.

  d. The iron, the hair dryer and the microwave were out of reach range (48") which violates standards at 308.

12. These barriers relate to and impact Plaintiff's disability and denied Plaintiff full and equal access.

13. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

14. Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit once he conducts discovery pursuant to Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

### FIRST CAUSE OF ACTION: ADA
(42 U.S.C. section 12101, et seq.)

15. Plaintiff re-pleads and incorporates by reference, as if fully set forth again here, the allegations contained elsewhere in this verified complaint.

16. Plaintiff visits the geographical area where the Hotel is located on a regular basis two to four times per year and has been visiting the geographical area for many years in the past.

17. Plaintiff intends to continue visiting the geographical area where the Hotel is located on a regular basis at the rate of two to four times per year for the near future.

18. Plaintiff has conducted business at the Hotel numerous times in the past and desires to conduct business there in the future.

19. Plaintiff conducts business at the Hotel because it is reasonably priced and within Plaintiff's budgetary limits.

20. The style, price and location of the Hotel are convenient to Plaintiff when visiting or traveling in the geographical area where the Hotel is located.

21. Plaintiff has a desire to revisit the Hotel during his regular visits to the geographical area where the Hotel is located but only if the Hotel is made accessible not only in the particulars alleged here, but also with respect to other barriers to disability that may be discovered during the discovery process.

22. Defendant violated Plaintiff's rights under the ADA.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and

b. Order Defendant to remediate all violations of the ADA; and

c. For injunctive relief requiring Defendant to adopt written and enforceable "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." assure compliance with 42 U.S.C. §12182(b)(2)(A)(ii) / 28 C.F.R. §36.302.

d. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

e. The provision of whatever other relief Plaintiff is entitled and that the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION - UNRUH ACT
(Cal. Civ. Code § 51-53.)

23. Plaintiff incorporates all allegations contained elsewhere in this verified complaint.

24. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

25. The Hotel violated the Unruh Act by denying Plaintiff's rights to full and equal use of the Hotel.

26. Defendant's violation of the Unruh Act makes Defendant responsible for statutory civil penalty. (Civ. Code § 55.56(a)-(c).

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh Act; and

b. Order closure of the Defendant's Hotel until Defendant has fully complied with Unruh Act; and

c. For damages in an amount no less than $4,000.00 per violation per encounter; and

d. Treble damages pursuant to Cal. Civ. Code §3345(b); and

e. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

f. The provision of whatever other relief Plaintiff is entitled and that the Court deems just, equitable and appropriate.

**THIRD CAUSE OF ACTION - DISABLED PERSONS ACT**
**(Cal. Civ. Code §§54-54.3)**

27. Plaintiff incorporates all allegations contained elsewhere in this verified complaint.

28. Defendant violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

29. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

30. Plaintiff has been aggrieved by each of Defendant's non-compliance with the DPA.

31. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

32. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and

b. Order closure of the Defendant's Hotel until Defendant has fully complied with disability laws; and

c. For damages in an amount no less than $1,000.00 per violation per encounter; and

d. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

e. The provision of whatever other relief Plaintiff is entitled and that the Court deems just, equitable and appropriate.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by a jury.

**VERIFICATION**

I verify that the allegations above are true to the best of my k knowledge, information and belief.

DATED this 24th day of March, 2023

_____
Fernando Gastelum