UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM, | Case No. 2:23-cv-00577-KJM-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | SCREENING THE COMPLAINT AND DIRECTING SERVICE AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| NIHAL, LLC, | |
| Defendant. | ECF Nos. 1 & 2 |

Plaintiff, proceeding without counsel, alleges that defendant Nihal LLC violated his rights under the Americans with Disabilities Act and California's Unruh and Disabled Persons Acts. The allegations are, for screening purposes, cognizable, and I will direct service on defendant.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

1

1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint is sufficient to survive screening. ECF No. 1. Service is appropriate on defendant Nihal, LLC, based on plaintiff's ADA and California's Unruh and Disabled Person's Acts claims.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. The Clerk of Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, one USM-285 form, a summons form, and an endorsed copy of plaintiff's complaint filed March 28, 2023. ECF No. 1.

3. Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process. The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916 930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant:

    a. one completed summons;

    b. one completed USM-285 form;

    c. one copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

Case 2:23-cv-00577-KJM-JDP   Document 3   Filed 01/12/24   Page 3 of 3

        d. one copies of the instant order.

4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

5. Within fourteen days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal.  Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

6. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal shall serve process on defendants without prepayment of costs.

7. Plaintiff is cautioned that failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    January 11, 2024

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE