Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

FILED
JAN - 6 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Fernando Gastelum,

    Plaintiff,

vs.

NIHAL, LLC

    Defendant.

Case No.: 2:23-cv-00577-KJM-JDP

**STATEMENT OF FACTS AND DECLARATION OF FERNANDO GASTELUM IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff makes the following declaration under the penalty of perjury.

## I. About Plaintiff's Disability.

1. Plaintiff has been missing a left leg just below the knee since February of 2015.
2. The missing left leg substantially limits Plaintiff's major life activity of walking and other musculoskeletal activities requiring the whole-body use.
3. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use, that is, accessible routes that provide firm, level surface and that are wide enough to navigate his wheelchair.
4. Where the locations are **not** designed for the use of a wheelchair, that is, accessible routes **do not** provide firm, level surface, or **are not** wide enough to navigate his wheelchair, Plaintiff must use the prosthetic leg and a cane to move short distances.
5. Plaintiff prefers to use a wheelchair because walking on the prosthesis is painful, uncomfortable, and causes the prosthesis to rub against his skin. When Plaintiff uses the prosthetic, his leg sweats which in turn loosens the prosthetic sleeve that begins to slip back and forth. Plaintiff can no longer walk then. This requires Plaintiff to stop,

1. remove the prosthetic leg, let the sleeve dry up, and then put the prosthetic leg back on again.
6. Even with the use of the prosthesis and a cane, Plaintiff's ability to walk is severely restricted.
7. Plaintiff have two types of wheelchairs: A non-motorized wheelchair and the electric Pride Victory 9 Mobility Scooter. Both are depicted below:



8. The use of a wheelchair, even where the accessible route is wheelchair friendly, causes secondary problems. For example, opening doors that require significant pulling or pushing to open the door is significantly restricted when using the wheelchair.
9. The use of the prosthesis and a cane for short distances limits the use of Plaintiff's arms and hands because the right arm and hand are used for the cane and cannot be used for opening doors. Door opening requires the use of two hands: one to turn the handle, the other to push the door open. Additionally, Plaintiff cannot use his body to lean into a door to open it because that causes additional stress on the prosthetic leg.

2

10. Plaintiff has been declared disabled by the Arizona Department of Transportation. The license plate on his car shows a disabled designation which entitles him to preferential parking in handicapped parking spots and passenger drop off zones.

## II. Plaintiff Lodged at Defendant's Hotel

11. Defendant's Hotel is located at 2224 Auburn Blvd., Sacramento, CA 95821 ("Holiday Inn Express Sacramento").

12. Plaintiff's Lodged at Holiday Inn Express Sacramento on May 19, 2022. On the date of the plaintiff's visit, the Hotel was not compliant with the disability access laws in the following non-exclusive details:

   a. The Hotel has a passenger loading zone, but the passenger loading zone did not provide a marked access isle so as to discourage parking in it. This condition made it more difficult for Plaintiff to load and unload. This condition violates accessibility standards at 503.3.3.

 

   b. The check-in service counter did not have a 36" long lowered section, it was cluttered and inaccessible for forward or parallel approach. This condition made Plaintiff's use of the counter more difficult. This condition violates accessibility standards at 904.4.1.

3



c. The operable part of the room door requires the twisting of the wrist and required more than 5 lbs to operate. This condition made it more difficult for Plaintiff to open the door. These conditions violate accessibility standards at 309.



    d. The iron, the hair dryer and the microwave were out of reach range (48") which violates standards at 308. These conditions made it more difficult for Plaintiff to use these items.




13. The above photographs accurately reflect the conditions observed during Plaintiff's stay at the Hotel.

14. Plaintiff is deterred from visiting or lodging at the Hotel as a result of the known barriers that exist there.

15. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove.

16. As a wheelchair user, Plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, Defendant denied Plaintiff full and equal access.

///

///

**RESPECTFULLY SUBMITTED (mailed)** this 31st day of December 2024.

_____
Fernando Gastelum

Proof of service:

The aforementioned mailed to the District Court this 31st day of December 2024, and on the same day emailed to Mr. Stillman, counsel for Defendant.

/s/