UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NIHAL, LLC,<br><br>　　　　　Defendant. | Case No. 2:23-cv-0577-KJM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, proceeding pro se, brings this action under the Americans with Disabilities Act ("ADA") and alleges that defendant's hotel is non-compliant in four respects. Both parties have filed motions for summary judgment, ECF Nos. 16 & 20, and oppositions, ECF Nos. 22 & 26. I find that defendant's motion for summary judgment should be granted and plaintiff's denied.

**Legal Standards**

      Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

1    Rule 56 allows a court to grant summary adjudication, also known as partial summary
2 judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.
3 *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule
4 56 authorizes a summary adjudication that will often fall short of a final determination, even of a
5 single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a
6 motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R.
7 Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

8    Each party's position must be supported by (1) citations to particular portions of materials
9 in the record, including but not limited to depositions, documents, declarations, or discovery; or
10 (2) argument showing that the materials cited do not establish the presence or absence of a
11 genuine factual dispute or that the opposing party cannot produce admissible evidence to support
12 its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider
13 other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R.
14 Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir.
15 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

16    "The moving party initially bears the burden of proving the absence of a genuine issue of
17 material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the
18 moving party must either produce evidence negating an essential element of the nonmoving
19 party's claim or defense or show that the nonmoving party does not have enough evidence of an
20 essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
21 *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
22 initial burden, the burden then shifts to the non-moving party "to designate specific facts
23 demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
24 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than
25 the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
26 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material
27 issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
28 require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*

*Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## Background

Defendant owns and operates a Holiday Inn Express hotel in Sacramento. ECF No. 1 at 1-2. Plaintiff, who uses a wheelchair for mobility, lodged at the hotel in May 2022. *Id.* He claims that the hotel is non-compliant with the ADA insofar as it: (1) has a passenger loading zone that does not include a marked access aisle; (2) the check-in service counter does not have a thirty-six-inch lowered section, making it difficult for wheelchair bound individuals to access; (3) the hotel room door requires twisting of the wrist and more than five pounds of force to operate; and (4) the clothing iron, hair dryer, and microwave were out of reaching range (forty-eight inches). *Id.* at 2-3. Plaintiff also alleges that these failures violate California's Unruh Act and Disabled Person's Act. *Id.* at 4-5. Both parties have moved for summary judgment.

## Analysis

Plaintiff's federal claims arise under Title III of the ADA. "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Additionally, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1)

3

1    the existing facility at the defendant's place of business [or property] presents an architectural
2    barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Parr*
3    *v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).  The parties do not dispute
4    that plaintiff is disabled or that the hotel is a place of public accommodation.  The only issue is
5    whether plaintiff was denied accommodation because of his disability.

6               A.   <u>Passenger Loading Zone</u>

7               Plaintiff alleges that "the hotel has a passenger loading zone, but [it] did not provide a
8    marked access isle (sic) to discourage parking in it.  This condition makes it more difficult for
9    [him] to use [it]."  ECF No. 1 at 2.  Defendant raises two arguments as to this issue: (1) there is no
10   legal requirement that the hotel maintain a passenger loading zone, and (2) it did not have one.
11   ECF No. 20-1 at 5-7.  It's first argument carries the day.  *See Brooke v. Sapphire Invs. LLC*, CV
12   22-4692-GW-RAOx, 2023 U.S. Dist. LEXIS 102221, *8 (C.D. Cal. May 30, 2023) (noting that
13   hotels are not one of the three enumerated businesses required to have a passenger loading zone
14   under the guidelines).  Where an entity voluntarily provides a passenger loading zone, that zone
15   must be ADA compliant.  *See Brooke v. Mikado 1311 LLC*, CV 23-6244 PA (SKx), 2024 U.S.
16   Dist. LEXIS 110055, *5-6 (C.D. Cal. Jun. 20, 2024).  But here, the evidence establishes that there
17   was no intention of providing such an amenity.  Defendant's expert, a Certified Access Specialist
18   ("CAS"), attests that there were no markings at the hotel indicating that the area in question was a
19   passenger loading zone, and he did not find any other evidence that such a zone was being
20   voluntarily provided.  ECF No. 20-2 at 3-4.

21              Plaintiff's opposition (1) argues that defendant's CAS refers to the area as a "Porte
22   Cochere" and (2) cites a dictionary to show that this term commonly refers to a roofed area
23   sheltering individuals getting in and out of vehicles or, in his telling, a passenger loading zone.
24   ECF No. 22 at 4-5.  I find this argument unconvincing.  A dictionary definition has little bearing
25   on whether this particular area, at this particular hotel, was voluntarily offered as a passenger
26   loading zone.  Certainly it is insufficient to create a genuine factual dispute in light of the
27   declaration of an expert who attests that he sees no indication of such use.  *See F.T.C. v. Publ'g*
28   *Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit,

lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). Other courts have dismissed arguments similar to the one plaintiff now raises. *See Sapphire Invs. LLC*, 2023 U.S. Dist. LEXIS 102221 at *12 ("Even assuming arguendo that a porte cochere and specialized flooring are design features of some passenger loading zones, as Plaintiff contends (without any evidentiary support), the mere presence of these features does not establish that the Hotel's covered area is a passenger loading zone."). And plaintiff's complaint and declaration do not provide any basis for his conclusion that the area is a passenger loading zone; both simply state as much without elaboration or detail. ECF No. 1 at 2; ECF No. 22-1 at 3. "Just because Plaintiff deems the covered area to be a passenger loading zone, does not mean that Defendant *intended* to provide one, especially since Plaintiff concedes that there are no markings or signage indicating otherwise." *Sapphire Invs.*, 2023 U.S. Dist. LEXIS 102221 at *13.

      B. Hotel Check-In Counter

Plaintiff alleges that the hotel check-in counter is not ADA compliant because it did not have a lowered, thirty-six-inch section, was cluttered, and did not have an accessible forward or parallel approach. ECF No. 1 at 2. Defendant argues that the counter in question is compliant with 2010 Americans with Disabilities Act Guidelines ("ADAAG") § 904.4.1[1] insofar as it "has a 36 [inch] long section that is not cluttered or obstructed" and a "clear parallel approach." ECF No. 20-1 at 7. In his opposition, plaintiff argues that defendant's CAS's evaluation is based on a different counter from that at issue in his complaint. ECF No. 22 at 3. Defendant explains that the counter is different because the hotel underwent a remodel in 2022, and, thus, even if the old counter was non-compliant, that claim is moot. ECF No. 23 at 6-7. Plaintiff has not rebutted the findings of defendant's expert that the counter, as it stands today, is ADA compliant. Thus, his Title III claims are moot insofar as they seek only injunctive relief. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive

---

[1] This provision mandates that: "A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter."

5

1  relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged
2  barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.") (internal citation
3  omitted).  Defendant is entitled to summary judgment on this claim.  Critically, given the
4  replacement of the old counter, there is no realistic possibility that the problems with the old
5  counter could recur.

6        I also find it inappropriate to resolve any state law claim that may be predicated on this
7  architectural barrier.  That claim, as well as plaintiff's other state law claims, should instead be
8  dismissed because there is no reason to retain supplemental jurisdiction.  It makes little sense for
9  this court to retain jurisdiction over state law claims that look to past harms, like those under the
10 Unruh Act.  *See Garcia v. Dudum*, No. 21-cv-05081-SI, 2022 U.S. Dist. LEXIS 58741, *11-14
11 (N.D. Cal. Mar. 30, 2022) (declining to retain supplemental jurisdiction over Unruh Act claims
12 where ADA claim was mooted by remediation); *see also Carnegie-Mellon Univ. v. Cohill*, 484
13 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated
14 before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—
15 judicial economy, convenience, fairness, and comity—will point toward declining to exercise
16 jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383
17 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of
18 comity and to promote justice between the parties, by procuring for them a surer-footed reading
19 of the applicable law.").

20       C.  <u>Door Pressure</u>

21       Defendant is entitled to summary judgment on plaintiff's claim that the door pressure
22 exceeded five pounds and required twisting of the wrist.  As it correctly argues, fire doors, like
23 that at issue, are covered by "appropriate administrative authority" and, in California, may have a
24 greater amount of pressure, not to exceed fifteen pounds.  *See* ADAAG § 4.13.11(1) ("Fire doors
25 shall have the minimum opening force allowable by the appropriate administrative authority.");
26 California Building Code § 1133B.2.5(1) ("Required fire doors shall have the minimum opening
27 force allowable by the appropriate administrative authority, not to exceed 15 lbs (66.7N).").
28 Defendant's CAS states that the relevant door required thirteen pounds of force to open.  ECF No.

20-2 at 5.  In his opposition, for the first time, plaintiff declares that the door required more than fifteen pounds to operate.  ECF No. 22-1 at 4.  Previously, in his complaint, he alleged only that the door required more than five pounds.  ECF No. 1 at 2-3.  He offers no explanation as to how he now knows that the amount exceeded fifteen pounds or why he did not include that substantially higher number in his initial complaint.  Neither does he state what exact amount of force he believes was required to open the door.  Summary judgment cannot be defeated by unsupported self-serving declarations.  *SeePubl'g Clearing House, Inc.*, 104 F.3d at 1171 ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

D.  Hotel Room Appliances

Plaintiff asserts that the positions of the iron, hair dryer, and microwave in his hotel room exceeded the maximum forty-eighty-inch reaching range.  ECF No. 1 at 3.  Defendant is entitled to summary judgment on this claim because, as his CAS notes in his declaration, the 1991 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") applies to the hotel, because it was constructed in 2008.  ECF No. 20-2 at 2.  Thus, the relevant reach range was not forty-eight inches, but fifty-four.  *Id.* at 6.  Moreover, defendant's expert testified that his measurement of the devices came to forty-three inches.  *Id.*  Plaintiff offers no rebuttal to these arguments in his opposition, electing instead to focus on whether repositioning of those items would moot his claims.  ECF No. 22 at 5.  And his declaration does nothing more than repeat his assertion that the reach distance is more than forty-eight inches.  *Id.* at 5.  Plaintiff offers neither any detail as to how he measured the distance nor a statement of the number of inches at which he believes the appliances rest.  Thus, defendant is entitled to summary judgment on this claim.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion for summary judgment, ECF No. 20, be GRANTED.

2. Judgment be entered in defendant's favor on plaintiff's ADA claims.

3. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

    4. Plaintiff's state law claims be dismissed without prejudice to plaintiff bringing them, if he wishes, in state court.

    5. Plaintiff's motion for summary judgment, ECF No. 16, be DENIED.

    6. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 17, 2025

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE